UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DANNY PAEZ,

                              Plaintiff,                                    **SECOND AMENDED**
                                                                           **COMPLAINT**

                 -against-                                                  Jury Demand

                                                                           15 CV 1808 (ALC)

THE CITY OF NEW YORK, P.O. CHRISTIAN
SANCHEZ, ANTHONY RAMBAZIS, SGT.
GABRIEL DIAZ, BRONX DISTRICT ATTORNEY
OFFICE, JOHN AND JANE DOES 1-10,

                              Defendants.
------------------------------------------------------------x

        Plaintiff DANNY PAEZ (hereinafter "Plaintiff") by and through his

attorneys, Vik Pawar, and Robert Blossner, Esqs., respectfully alleges as follows:

## PRELIMINARY STATEMENT

        1.      Plaintiff brings this action for injunctive relief, compensatory damages,

punitive damages and attorney's fees.

## JURISDICTION

        2.      The action is brought pursuant to 42 U.S.C. §§1983, 1985 and 1988, and

the Fourth, Sixth and Fourteenth Amendments to the United States and New York

Constitutions and under New York state laws.

        3.      Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

        4.      Venue is properly laid in the Southern District of New York under 28

U.S.C. § 1391(b), in that it is the District in which the claim arose.

**JURY DEMAND**

5.      Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

**PARTIES**

6.      Plaintiff is a Hispanic male and resident of New York, New York.

7.      Defendant City of New York (hereinafter "City") is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendants Sanchez, Rambazis, Diaz, John and Jane Does 1-5 are individuals who worked at the 44th precinct or for the Bronx DA's office at the time of the incident and participated in the arrest and seizure of plaintiff.  They are sued in their individual and official capacities and because they acted under the color of state law.

9.      The Defendant Bronx District Attorney's Office works in conjunction with the NYPD to set-up the operations described herein.  The "operations described herein are sometimes termed "bait-car operation," "bait-car sting," "lucky bag."  These operations (examples are outlined in Exhibits A and B) will be referred to as "operation" hereinafter in this complaint.

**FACTS**

10.     On March 16, 2012, around 8 p.m., plaintiff was walking to the mall in the vicinity of the 44th precinct.

11.     At that time, plaintiff observed NYPD vehicles with lights and sirens on, pull over Defendant Rambazis in his car ("the car") on the same road as plaintiff was

driving.  Defendants Diaz and Sanchez and John Does 1-5 were in these NYPD vehicles. Upon information and belief the "car" was provided by defendant Bronx DA's office.

12.      Defendants John Does 1-5 who's identities are presently unknown were from the 44th precinct or from the Bronx DA's office.

13.      All defendants dragged defendant Rambazis from "the car" and started assaulting him.

14.      Defendant Rambazis appeared to be begging for help, as the bystanders stood by and watched.

15.      Defendant Rambazis was asking the bystanders to "call his mother."

16.      Shortly thereafter, all defendants dragged Rambazis into their police vehicle and drove away to the 44th precinct.

17.      Plaintiff was shocked at what he had just seen and observed that "the car" was still in the middle of the road.

18.      Plaintiff approached "the car" to see if there was any identifying information available for him to contact defendant Rambazis's mother.

19.      However, before plaintiff has an opportunity to open the doors of "the car," he was surrounded by all the defendants who had their guns drawn and who were screaming simultaneously "get on the fucking ground or we will fucking shoot your brains out."

20.      Plaintiff was arrested and charged with robbery, larceny and possession of a stolen vehicle ("the car").

21.      Plaintiff was brought to the 44th precinct, where his arrest was processed.

22.     Plaintiff was taken to Central Booking and held for more than 48 hours before he was released ROR by the Court.

23.     The false and fabricated charges against plaintiff were eventually dismissed.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest-Unlawful Seizure under the 4th Amendment)

24.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

25.     There was no probable cause for the arrest, unlawful seizure or the continued incarceration of plaintiff.

26.     When the defendants pulled out their weapons and threatened to shoot plaintiff if he did not get on the ground, plaintiff was unlawfully seized.

27.     As such these Defendants' actions resulted in violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

28.     As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from unreasonable seizure were violated and he sustained physical and emotional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Malicious Prosecution)

29.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

30.     Defendants knew that by filing false charges against Plaintiff, he would very likely be held in custody, have to endure numerous court appearances, and the

expense of hiring an attorney and despite such belief, the Defendants fabricated evidence that plaintiff was engaged in criminal activity.

31.     Due to Defendants' actions, Plaintiff was deprived of life and liberty interest.

32.     Defendants' actions constituted malicious prosecution because they knowingly filed false and unsubstantiated charges against Plaintiff, failed to drop them, or inform the District Attorney's office of the falsity of the charges and instead pursued the charges knowing full well that the charges were not only false but trumped up, and fabricated by the defendants.

33.     As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and he was subjected to violation of his state and federal rights.

## AS AND FOR A THIRD CAUSE OF ACTION
(*Monell*/Municipal Liability)

34.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

35.   Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

36.   Defendant City of New York, through the NYPD and Bronx DA's office is aware of this operation and has adopted a formal policy that directly caused the Constitutional violations set forth herein.  Even in the absence of a formal policy, the City is or should be aware that its employees through the NYPD and the Bronx DA's

office engage in these types of operations. The Operation leads to the arrests of innocent people, mostly minorities and violates of their constitutional rights.

37.    The operation involves the individual defendants leaving a piece of property whether a car or other items under a ruse similar to the one described in this complaint and entices people to approach the "property."  Upon information and belief the "property" is provided by the Bronx DA's office.  Once a citizen/resident in the area approaches the property, individuals such as the defendants without any probable cause arrest the citizen/resident for crimes they have not committed.  Defendant City, despite being aware of these types of conduct, has been deliberately indifferent to the rights of citizens/residents.

38.    Defendant City has failed to properly train individual defendants as to what constitutes a crime or probable cause that is needed to make an arrest.  In addition, defendant City fails to adequately discipline the employees of the NYPD for acting in unlawful manner.

39.    The charges against most of the individuals arrested in the Operation are dismissed.  See Exhibit B.

40.    The City, through its police department, continues to maintain a form of Operation.

41.    The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policy and or is deliberately indifferent to its affect on innocent individuals.

42.    Most of the incidents involving Operation or some variation of it targets minorities.

43.     The foregoing Operation created/encouraged/tacitly approved by the City through the DA's office and the NYPD and its usages, practices, procedures and rules are unconstitutional and constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

## AS AND FOR AN FIFTH CAUSE OF ACTION
(Conspiracy under Section 1985)

44.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

45.     Defendants targeted innocent minorities like the plaintiff and conspired with each other to deprive plaintiff of his civil rights and equal protection under the laws.

46.     The individual defendants intended to set up this "operation" to target and trap minorities like the plaintiff.

47.     The individual defendants acted in concert with one and other in various roles to reach their goal of arresting plaintiff.

48.     The individual defendants concocted similar schemes to generate arrests numbers, meet quotas and gain financially through overtime generated from these types of bogus arrests.

49.     In addition, defendants engaged in such conduct to obtain leverage during promotions and move up in the ranks within the NYPD.

50.     As a result, plaintiff suffered constitutional injuries.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Denial of Right to Fair Trial)

51.     Plaintiff repeats, reiterates, and realleges each and every allegation

contained in the foregoing paragraphs as if fully set forth herein.

52.     Defendants' actions and conduct denied plaintiff the right to a fair trial by creating false information that would have likely to influence a jury and forwarding that information to the prosecutors.

53.     Defendants' actions of fabricating evidence and signing official documents were unconscionable and plaintiff is entitled to relief under the theory of denial to a fair trial.

54.     As a result of this, plaintiff was injured.


**WHEREFORE,** Plaintiff demands judgment and pray for the following relief, jointly and severally, against the Defendants:

(A) full and fair compensatory damages in an amount One Hundred Thousand Dollars for each and every cause of action against Defendants (individually or collectively) or as determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) injunctive relief to ensure that the practice/operation is stopped;

(D) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(E) such other and further relief as appears just and proper.


Dated: New York, New York
          May 12, 2016

                                        Vik Pawar, Esq.
                                        20 Vesey Street, Suite 1210
                                        New York, New York 10007
                                        (212) 571-0805

                                        By: _____
                                        Vik Pawar (VP9101)
                                        Robert Blossner (RB0526)
                                        *Attorneys for Plaintiff*