USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 8/23/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANNY PAEZ,

          **Plaintiff,**

-v.-

CITY OF NEW YORK ET AL.,

          **Defendants**

15-CV-1808 (ALC)

<u>ORDER GRANTING
DEFENDANTS' MOTION
TO DISMISS IN PART</u>

**ANDREW L. CARTER, JR., District Judge:**

    Plaintiff Danny Paez ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 against Defendants City of New York, NYPD Officer Christian Sanchez ("Sanchez"), NYPD Officer Anthony Rambazis ("Rambizas"), and NYPD Sergeant Gabriel Diaz ("Diaz"). On March 16, 2012, Plaintiff was arrested and charged with robbery, larceny, and possession of a stolen vehicle. Plaintiff alleges that he was wrongly arrested and false charges were filed against him in violation of his constitutional rights. Defendants filed a motion to dismiss on all claims, which Plaintiff opposed. For the following reasons, Defendants' motion is **GRANTED** in part and **DENIED** in part.

BACKGROUND

    On March 16, 2012, at approximately 8:00 p.m., Plaintiff witnessed a traffic stop in the Bronx. Second Amended Complaint ("SAC") ¶ 10–11, ECF No. 19. Plaintiff saw Diaz and Sanchez in a NYPD patrol car. *Id.* ¶ 11. The NYPD patrol car stopped a vehicle driven by Rambazis. *Id.* Diaz and Sanchez "dragged" Rambazis from the vehicle and "started assaulting him." *Id.* ¶ 13. Rambazis cried for help as bystanders watched. *Id.* ¶ 14. Rambazis pleaded for

witnesses to call his mother. *Id.* ¶ 15. Diaz and Sanchez put Rambazis in their patrol car and drove away. *Id.* ¶ 16.

The vehicle Rambizas was driving, was still "in the middle of the road." *Id.* ¶ 17. Plaintiff approached Rambizas' vehicle in hopes of finding Rambizas contact information so that he could contact Rambizas' mother. *Id.* ¶ 18. Before Plaintiff opened the door of Rambizas' vehicle, NYPD officers surrounded Plaintiff with their guns drawn. *Id.* ¶ 19. The officers ordered Plaintiff to "get on the fucking ground" and threatened to "shoot [his] fucking brains out." *Id.* Plaintiff was arrested and taken to NYPD's 44th precinct. *Id.* ¶¶ 20–21. Plaintiff was held for more than 48 hours and charged with robbery, larceny, and possession of stolen property. *Id.* ¶¶ 20, 22. The charges against Plaintiff were ultimately dismissed. *Id.* ¶ 23.

Plaintiff alleges that the incident leading to his arrest was a part of a covert operation (known as "bait-car operation", "bait-car sting", or "lucky bag") orchestrated by NYPD and the Bronx District Attorney's Office. *Id.* ¶¶ 8, 37. To carry out the operation, the Bronx District Attorney's Office allegedly provided property to NYPD officers who, in turn, left the property unattended in public areas to "entice" civilians. *Id.* ¶ 37. The officers waited until an individuals approached the unattended property then arrested the individuals on theft related charges. *Id.*

Plaintiff commenced this action on March 11, 2015, against the City of New York and "John and Jane Does 1–10." Complaint, ECF No. 1. On June 1, 2015, Defendant City of New York Answered Plaintiff's complaint. ECF. No 4. On August 3, 2015, Plaintiff's FAC named the individual NYPD officers for the first time. *See* FAC.

Defendants filed a motion to dismiss, arguing that Plaintiff's false arrest, denial of a right to fair trial, and § 1985 conspiracy claims are barred by applicable statute of limitations.

2

Defendants also argued that Plaintiff failed to state a claim for each respective claim as well as municipal liability.

## DISCUSSION

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* For the purposes of a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). However, the court need not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678, 681 (citing *Twombly*, 550 U.S. at 555). The complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & iStone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

To decide a Rule 12(b)(6) motion, the court "may consider facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation marks and citation

omitted). The Court may also consider "matters of which judicial notice may be taken." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

### A. Plaintiff's § 1983 and § 1985 Claims Are Barred By The Statute Of Limitations

Defendants argue that Plaintiff's claims brought pursuant to § 1983 and § 1985 should be dismissed as time-barred. *See* Defendants' Memorandum of Law in Support of Motion to Dismiss ("Defs' Mem.") at 5–7, ECF No. 37. "In section 1983 actions, the applicable limitations period is found in the general or residual state statute of limitations for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (citation, alterations, and internal quotation marks omitted). In New York, personal injury actions must be brought within three years from the accrual date. N.Y. C.P.L.R. § 214 (McKinney). The date of accrual is a question of federal law. *Pearl*, 296 F.3d at 80. "Under those principles, it is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief," *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 1095, 166 L. Ed. 2d 973 (2007) (citations and internal quotation marks omitted), or when Plaintiff "knew or had reason to know" of the injury giving rise to the claim," *Milan v. Wertheimer*, 808 F.3d 961 (2d Cir. 2015). In the context of false arrest, the statute of limitations begins to run begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 388.

Plaintiff was arrested on March 16, 2012, and held for 48 hours. Plaintiff knew his arrest and the charges filed against him were fabricated. Thus, the § 1983 and § 1985 statute of limitations began no later than March 18, 2012 and expired three years later on March 18, 2015. *See Berry v. Vill. of Millbrook*, No. 09-CV-4234 KMK, 2010 WL 3932289, at *3 (S.D.N.Y. Sept. 29, 2010). Plaintiff's complaint was filed within the statute of limitations period on March 11, 2015, however he named John Doe defendants instead of the individual NYPD officers. On

4

August 3, 2015, Counsel for Plaintiff amended the complaint to include the individual NYPD officers—after the limitations expired. Plaintiff was required to identify and serve all individual defendants before the statute of limitations expires. *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999). Therefore, his § 1983 claims are time-barred.

### B. Plaintiff's § 1983 and §1985 Claims Do Not Relate Back

Plaintiff could seek refuge from the statute of limitations if his amended pleading relates back to the date of original pleading under Fed.R.Civ.P. 15(c). *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). In order for an amended pleading to "relate back" under Rule 15(c)(1)(C):

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and [4] the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and the original complaint was filed within the limitations period.

*Id.* (citation and alterations omitted). Plaintiff is unable to meet the third requirement. "This Court's interpretation of Rule 15(c)(1)(C) makes clear that the lack of knowledge of a John Doe defendant's name does not constitute a "mistake of identity." *Id.* at 518 (citation omitted).

An amended pleading may also relate back under Rule 15(c)(1)(A), when the state law that "provides the applicable statute of limitations allows relation back." *Id.* (citation and internal quotation marks omitted). Thus, Rule 15(c)(1)(A) requires application of New York State law. Section 1024 of the New York Civil Practice Law and Rules ("CPLR") permits "John Doe substitutions", but requires that the party seeking substitution "exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name" and "describe the John Doe party in such form as will fairly apprise the party that he is the intended defendant." *Id.* at 519 (citations, alterations, and internal quotation marks omitted). "Due diligence in this

5

context requires that a plaintiff show that he or she made timely efforts to identify the correct party before the statute of limitations expired." *Ceara v. Deacon*, 68 F. Supp. 3d 402, 409 (S.D.N.Y. 2014) (citations and internal quotation marks omitted).

Here, Counsel for Plaintiff failed to provide any information regarding his efforts to obtain the identities of the John Does named in the original pleading prior to this law suit or the expiration of the statute of limitations. Indeed, Plaintiff could have served discovery demands on unknown parties, or sought disclosures under a Freedom of Information request. *Barrett v. City of Newburgh*, No. 13-CV-4118 (NSR), 2017 WL 1102672, at *6 (S.D.N.Y. Mar. 23, 2017). Nor is there any indication that Defendants ignored or obstructed efforts to obtain the identities of the John Does. *Id.* Due to the absence of any attempts to obtain the identities of the John Doe police officers prior to the expiration of the statute of limitation, the Court is compelled to find that Plaintiff has not acted with due diligence and does not meet the first requirement of C.P.L.R. § 1024. Given that Plaintiff's claims are time-barred and do not relate back under Rule 15(c), Defendants' motion to dismiss Plaintiff's § 1983 and § 1985 claims is granted.

### C. Plaintiff's *Monell*[1] Claim

Defendants argue that Plaintiff failed to state a cause of action for municipal liability. Defs' Mem. at 18-22. Under *Monell*, liability may be imposed "on a government that, under color of some official policy, causes an employee to violate another's constitutional rights." 436 U.S. at 692 (internal quotation marks omitted). To state a prima facie case of municipal liability, a plaintiff must allege: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir.2007) (quotation marks and citation omitted). "A municipality may be found to have a

---

[1] *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)

6

custom that causes a constitutional violation when faced with a pattern of misconduct, it does nothing, compelling the conclusion that it has acquiesced in or tacitly authorized its subordinates unlawful actions." *Okin v. Vill. of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 439 (2d Cir. 2009) (citations, alterations, and internal quotation marks omitted).

Plaintiff's SAC alleges that "Operation Lucky Bag" constitutes a formal policy adopted by Defendants in violation of his constitutional rights. SAC ¶ 36. Plaintiff alleges that even if the operation was not formally adopted, the operation constituted a custom because Defendants were aware of the practices which led to the arrests of many innocent minorities. *Id.* Plaintiff alleges that municipal liability to should also attach due to NYPD's failure to train its officers. *Id.* As support, Plaintiff cites to a 2014 settlement agreement, entered into by Defendants, acknowledging the existence of Operation Lucky Bag. *See* Declaration of Vik Pawar in Opposition of Motion to Dismiss ("Pawar Decl.") Ex. 4 ¶ 2, ECF 42. The terms of the 2014 settlement agreement also provide that Defendant City of New York agreed to alter Operation Lucky Bag to protect citizens' Constitutional rights. *Id.* ¶ 3–6. Plaintiff also points to a 2013 New York Daily News article detailing the existence of a sting operation which was designed to "trap" citizens in the Bronx. SAC Ex. B. In the news article, a Bronx Criminal Court judge chided the sting operation stating that: "police went through elaborate lengths . . . to contrive this scenario to lure, bait and trap a law-abiding person into taking property[.]" *Id.* The Court finds that Plaintiff has sufficiently alleged a formal policy, custom, or practice by detailing a routine operation where NYPD plants property, waits for citizens to take it, and arrests them without probable cause. Plaintiff also plausibly avers that Operation Lucky Bag mostly impacts minorities in the Bronx area. *See Edwards v. City of N.Y.*, No. 14-CV-10058 (KBF), 2015 WL 5052637, at *7 (S.D.N.Y. Aug. 27, 2015); *Battle v. City of N.Y.*, No. 11-CV-3599, 2012 WL

7

112242, at *6 (S.D.N.Y. Jan. 12, 2012); *Bektic-Marrero v. Goldberg*, 850 F. Supp. 2d 418, 431 (S.D.N.Y. 2012); *Cantey v. City of N.Y.*, No. 10 CIV. 4043 (JPO), 2012 WL 6771342, at *5 (S.D.N.Y. Dec. 11, 2012).

According to Defendants, Plaintiff never alleged a formal policy or a pervasive custom that violates citizens' constitutional rights. Defs' Mem. at 20. Defendants contend that Plaintiff merely alleged a single incident of misconduct. Defendants Reply Memorandum ("Defs' Reply) at 10, ECF No. 44. Notwithstanding those arguments, Defendants take a different strategy by attempting to distinguish Plaintiff's case from Operation Lucky Bag. Defs' Mem. at 22. Defendants argue that the documents submitted by Plaintiff which establish the existence of Operation Lucky Bag should be disregarded, because Plaintiff did not actually take the abandoned property. Defs' Reply at 8. The Court disagrees. The allegations in the complaint and the supporting documentation are sufficiently similar to support a plausible inference that a policy, practice, or custom exists. Even if Operation Lucky Bag was an unofficial operation, it was known to Defendants, and could have been easily remedied with training. In any event, discovery is warranted. Accordingly, Defendants' motion to dismiss Plaintiff's *Monell* claim is denied.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss Plaintiff's §1983 and § 1985 is GRANTED.  Defendants' motion to dismiss Plaintiff's *Monell* claim is DENIED.  The Clerk of the Court is directed to terminate ECF No. 35.

**SO ORDERED.**

Dated:   August 23, 2017
         New York, New York

───────────────────────────
ANDREW L. CARTER, JR.
**United States District Judge**

9